IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELZABETH MORENO,**

    Plaintiff,

v.                                                                 No. 1:16-cv-0027 RB/SCY

**AMERICAN CLAIMS MANAGEMENT,**
**A MIRANDA, MR. CORDOVA,**
**SANDIA CASINO,**

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed on January 12, 2016 (hereinafter "Complaint"). For the reasons stated below, the Court finds that the Complaint fails to state a claim. The Court will allow Plaintiff 21 days from entry of this Memorandum Opinion and Order to file an amended complaint. Failure to file an amended complaint within 21 days will result in dismissal of this case without prejudice.

**I.  Discussion**

"Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, [the Court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Id*. The Court looks to the

specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In order to state claim for relief under § 1983, a complaint must allege sufficient facts to show that the plaintiff has been deprived of rights, privileges, or immunities secured by the Constitution and laws of the United States and that a defendant acted under color of state law. *See* 42 U.S.C. § 1983.  In this case, the Complaint does not allege facts that would support a claim for relief under Section 1983.  Notably, there are no specific factual allegations showing that a state actor deprived Plaintiff of any rights, privileges, or immunities secured by the Constitution and laws of the United States.  Furthermore, Plaintiff does not identify a Defendant who allegedly deprived her of a right, does not identify the right that was allegedly deprived or the federal law that was allegedly violated, and does not identify the relief she is seeking.  Most tellingly, Plaintiff's Complaint and the four handwritten pages attached thereto do not mention any of the Defendants.

Under these circumstances, the Complaint is subject to dismissal for failure to state a claim.  A court may dismiss sua sponte "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).  However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Id.* Accordingly, the Court will allow Plaintiff 21 days from entry of this Memorandum Opinion and Order to file an amended complaint.  Failure to file an amended complaint within 21 days will result in dismissal of this case without prejudice.

The Court's review of the docket shows that there are two motions to dismiss and a motion to respond pending in this case. (Docs. 8, 15 and 17.) The first motion to dismiss, filed by Defendant American Claims Management, moves to dismiss under Rule 12(b)(4) and (5) of the Federal Rules of Civil Procedure due to Plaintiff's failure to comply with Rule 4 of the Federal Rules of Civil Procedure in serving Defendant American Claims Management. (Doc. 8.) The second motion to dismiss, filed by Defendant Audi Miranda, moves to dismiss under Rule 12(b)(4) and (5) for insufficient service of process and argues that Plaintiff's claims are barred under the doctrine of res judicata. (Doc. 15.) Plaintiff's motion to respond concerns her efforts to serve Defendants. (Doc. 17.) In that these motions target the Complaint and the Complaint fails to state a claim, the Court will deny these motions as moot.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff shall have 21 days from entry of this Memorandum Opinion and Order to file an amended complaint.

**IT IS FURTHER ORDERED** that failure to file an amended complaint within 21 days will result in dismissal of this case without prejudice.

**IT IS FURTHER ORDERED** that Defendant American Claims Management's Motion to Dismiss (Doc. 8), Defendant Audi Miranda's Motion to Dismiss (Doc. 15), and Plaintiff's Motion to Respond (Doc. 17) are denied as moot.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**